| | |
|---|---|
| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------------x

LEVELLE MING,

                    *Plaintiff*,              MEMORANDUM
                                                                 AND ORDER
                    -against-                09-CV-02834 (JG)

MR. LIVINGSTON, MR. RODRIGUEZ,
MR. MITCHELL, MRS. GAIL HAYNES,
MR. BRAD COHEN, MISS SMALLS,
MR. SPRING, MR. HOWARD, MR. CECE,
MISS MEDINA, and MR. BAPTISE,

                    *Defendants*.

-----------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On June 30, 2009, plaintiff Levelle Ming filed this *in forma pauperis* action *pro se* against employees of Long Island University. Ming seeks damages of fifty thousand dollars, access to the campus, and "reinstatement of employment." Complaint 4. Ming's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order, and Ming is directed to amend his complaint within thirty days from the date of this order as set forth below.

## BACKGROUND

        Six days after an incident which occurred on June 24, 2009 on Long Island University's campus, Ming submitted an unpunctuated four-page complaint against eleven employees of the university. Ming avers that his prior action in this Court against Long Island University, filed in April 2002, was settled in August 2002.[1] Compl. 2. Nearly seven years

---

[1] The Court takes notice that a Stipulation of Settlement was entered on July 30, 2002 wherein plaintiff's previous action [an employment action against Long Island University] was "discontinued, with prejudice, without costs to either party as against each other." *See Ming v. Prado, Roody et al.*, 02-CV-2081(JG)(LB), slip op at 1.

later, on June 24, 2009, plaintiff went to Long Island University "to inquire about attending classes." Compl. 2. Defendant Rodriguez asked Ming what he was doing on campus. Defendant Livingston, who the complaint suggests is the "Director of Security" at Long Island University, Compl. 4, then approached Ming and told him he had to leave "right now." *Id.* at 2. Livingston allegedly told Ming he could not speak to Provost Gail Haynes and said "something about [Ming's] wife being a hoe." *Id.* at 4. Ming seeks vindication of his right "to walk on the campus freely and attend classes" and asks that Ming's employment be reinstated and Livingston be removed from his position. *Id.* at 4. In the alternative, he seeks $50,000 in damages.

Construing Ming's complaint liberally, *see Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir 2004) ("we construe [a *pro se* complaint] broadly and interpret it to raise the strongest arguments it suggests."), it appears that he has filed this action because he was allegedly mistreated by a security officer at Long Island University on June 24, 2009.

## DISCUSSION

A. *Subject-Matter Jurisdiction*

Although, as mentioned above, the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

Ming seeks to invoke this court's "Federal Question" jurisdiction, Compl. 1, which extends to any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Ming's complaint does not state, and I cannot fathom, which constitutional or statutory provision is implicated by the conduct he alleges. Thus, there is no basis for the exercise of this Court's subject matter jurisdiction over this action.

B.    *Rule 8*

In addition, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which states that a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations,'" *id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 555 U.S. at 557). The complaint fails to provide the Court with notice of what claim or claims he seeks to make or to notify the parties of the claims against them.

C.    *Leave to Amend*

Ming's complaint does not allege a basis for the exercise of this Court's subject-matter jurisdiction or satisfy the dictates of Fed. R. Civ. P. 8. However, in light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal), and in an abundance of caution, plaintiff is afforded thirty days to amend his complaint in order to do so. *See* Fed R. Civ. P. 15(a); *see e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss

without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)). Should Ming file an amended complaint, he must allege a basis for the exercise of this Court's subject-matter jurisdiction and satisfy the minimal filing requirements of Fed. R. Civ. P. 8, providing a short, plain statement of the relevant facts supporting each claim against each defendant to give the defendants notice of the claims against them.

## CONCLUSION

Ming is hereby granted thirty days to file an amended complaint against defendants. The amended complaint must set forth the basis for the exercise of this Court's subject matter jurisdiction and provide facts giving rise to his federal claims against each defendant. It shall be submitted to the court within thirty days of the date of this order and must include in its caption the docket number assigned to this case (09-CV-2834). No summons shall issue at this time and all further proceedings are stayed for thirty days for Ming to comply with this order. If Ming fails to comply with this order within the time allowed, the complaint shall be dismissed for lack of subject matter jurisdiction. Once submitted, the complaint will be reviewed for compliance with this order and for sufficiency under Fed. R. Civ. P. 8 & 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

_____
JOHN GLEESON

United States District Judge

Dated: Brooklyn, New York
       August 26, 2009